UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| TRUSTEES OF THE INDIANA STATE COUNCIL OF ROOFERS HEALTH AND WELFARE FUND, *et al.*, Plaintiffs, | )<br>)<br>)<br>)<br>) |
| v. | ) CAUSE NO.: 4:18-CV-29-JVB-APR |
| ED RUTHERFORD ROOFING, INC. Defendant. | )<br>)<br>) |

## **OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Summary Judgment [DE 23], filed on August 2, 2019. On September 20, 2019, Defendant filed a notice that it would not be filing a response to the motion. In the Amended Complaint, Plaintiffs allege that Defendant is delinquent in contributions owed to the funds of which Plaintiffs are trustees.

### **SUMMARY JUDGMENT STANDARD**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

## MATERIAL FACTS

Plaintiffs are fiduciaries of trust funds created pursuant to Labor Management Relations Act (LMRA) § 302(c)(5) and (c)(9) and administered through trust agreements. The trust funds are plans within the meaning of Employee Retirement Income Security Act of 1974 (ERISA) § 3(1), 3(2), and/or 3(37). The funds of which Plaintiffs are trustees are controlled by boards of trustees and operate pursuant to the terms of trust agreements.

Defendant engages in interstate commerce and affecting commerce as defined in ERISA § 3(11) and 3(12). Defendant was a party to and agreed to abide by the terms of collective bargaining agreements (CBAs) for the period March 4, 2011, through February 28, 2017. There are two CBAs that cover this time period. The CBAs incorporate the trust agreements.

Pursuant to the terms of the CBAs and the trust agreements, signatory employers are required to make monthly contributions to the funds on behalf of each of their employees in an amount and under the terms set forth in the agreements.

The CBAs require Defendant to submit all monthly reports and contributions on or before the 15th day of the month following the month in which work was performed. If payment is not received by the last day of the month following the month in which work was performed, Defendant is delinquent. If delinquent contributions are referred to an attorney for collection, Defendant is liable for the costs of collection, attorney fees, interest in the amount of 1.5% from the due date, and liquidated damages in the amount of 20% of the delinquent contributions. Under the CBAs, Defendant must submit to an audit when requested, and if Defendant is found to be delinquent as a result of the audit, Defendant must pay the costs of the audit.

Audits were performed for the time period of July 1, 2012, to February 28, 2017. Reports issued after these audits indicate that Defendant owes the following in delinquent contributions: $72,088.12 to the Indiana State Council of Roofers Health and Welfare Fund (the "Health Fund"), $37,458.31 to the United Union of Roofers, Waterproofers and Allied Workers, Local Union No. 2 Supplemental Pension Fund (the "Supplemental Pension"), and $26,971.82 to the National Roofing Industry Pension Plan (NRIPP) and the Roofers and Waterproofers Research and Education Joint Trust Fund (the "Education Fund").

Plaintiffs have calculated liquidated damages as $14,417.62 to the Health Fund, $6,746.45 to the Supplemental Pension, and $5,394.36 to the NRIPP and the Education Fund. Plaintiffs have also calculated accrued interest as of June 30, 2019, as $40,569.90 to the Health Fund, $20,157.75 to the Supplemental Pension, and $15,511.12 to the NRIPP and the Education Fund. The funds

3

also engaged attorneys to collect the monies due and owing by Defendant, so the funds also seek attorney fees.

## ANALYSIS

Under 29 U.S.C. § 1145,

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Lawsuits to enforce § 1145 are permitted under 29 U.S.C. § 1132, and lawsuits or violation of collective bargaining agreements are permitted under 29 U.S.C. § 185.[1] Plaintiffs clarify that they seek relief under both of these statutes, that the elements are "essentially identical" and that their requested relief is appropriate under either statute. (Pls.' Mem. 6 n.2, ECF No. 24).

Defendant admits that it was a party to the CBAs and that, pursuant to those CBAs, signatory employers are required to make monthly contributions to the funds of which Plaintiffs are trustees. Plaintiffs have submitted evidence of Defendant's delinquency in contributing to the funds, and Defendant has presented no evidence to counter it.

In actions involving delinquent contributions, the Court "shall award" unpaid contributions, interest, liquidated damages, reasonable attorney's fees and costs of the action, and other appropriate legal or equitable relief. 29 U.S.C. § 1132(g)(2).

If this case went to trial, Plaintiffs would bear the burden of proving their case by a preponderance of the evidence. Based on the evidence submitted by Plaintiffs—and the lack of

---

[1] Specifically, 29 U.S.C. § 185(a) provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

evidence submitted by Defendant to counter it—the Court finds that there is no genuine issue of material fact for a jury to decide and that Plaintiffs are entitled to judgment as a matter of law. The uncontested evidence shows that Defendant is delinquent in its contributions to the funds as argued by Plaintiffs and that awards of unpaid contributions, interest, liquidated damages, reasonable attorney's fees, and costs of this action are in order.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Motion for Summary Judgment [DE 23]. The Court **AWARDS** the following against Defendant:

1. Delinquent contributions of $72,088.12 in favor of the Health Fund, $37,458.31 in favor of the Supplemental Pension, and $26,971.82 in favor of the NRIPP and Education Fund;

2. Accrued interested as of June 30, 2019, of $40,569.90 in favor of the Health Fund, $20,157.75 in favor of the Supplemental Pension, and $15,511.12 in favor of the NRIPP and Education Fund;

3. Liquidated damages of $14,417.62 in favor of the Health Fund, $6,746.45 in favor of the Supplemental Pension, and $5,394.36 in favor of the NRIPP and Education Fund; and

4. Attorney fees and costs.

The Court **ORDERS** Plaintiffs to file documentation setting forth the amount and the reasonableness of the attorney fees and costs they seek under 29 U.S.C. § 1132(g)(2)(D) **on or before February 20, 2020**.

The Court **DIRECTS** the Clerk of Court to withhold entry of judgment in this case until the issue of attorney fees and costs is resolved.

SO ORDERED on February 3, 2020.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT
